UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Jane Doe, a minor,
Plaintiff                                                          Case No.:
v.
The School District of Palm Beach County,
Defendant

# COMPLAINT

Plaintiff, Jane Doe[1], sues Defendant, The School District of Palm Beach County ("Palm Beach," the "Defendant," the "School District," or the "School Board"), and alleges as follows:

## NATURE OF CASE

1. This is a civil action for damages and injunctive relief brought on behalf of a minor child who was sexually assaulted by a substitute teacher at Barton Elementary School, a public school operated by Defendant, the School Board.

2. The claims asserted herein arise under Title IX of the Education Amendments of 1972, 20 U.S.C. § 1681 et seq.; 42 U.S.C. § 1983 for violations of the United States Constitution; and Florida state law for negligent hiring, supervision, and retention.

3. Plaintiff seeks redress for physical, emotional, and psychological harm sustained as a result of the School Board's deliberate indifference, unconstitutional practices, and negligence.

## JURISDICTION AND VENUE

4. This Court has original jurisdiction over Plaintiff's federal claims pursuant to 28 U.S.C. §§ 1331 and 1343.

5. This Court has supplemental jurisdiction over Plaintiff's state law claims under 28 U.S.C. § 1367 because those claims are so related to the federal claims that they form part of the same case or controversy.

---

[1] Plaintiff brings this case anonymously to protect her identity, because the subject sexual misconduct occurred while Plaintiff was a minor. Plaintiff fears further injury and harm if her identity as a sex abuse victim becomes publicly known. Plaintiff's identity, however, is or will be made known to Defendant upon its appearance in this action.

6. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b) because all events giving rise to these claims occurred within Palm Beach County, Florida, which lies within the Southern District of Florida.

## PARTIES

7. Jane Doe is a minor who resides in Palm Beach County, Florida.
8. The School Board, is a public entity organized under the laws of the State of Florida and operates Barton Elementary School, where the events at issue occurred.
9. At all relevant times, Palm Beach received federal financial assistance and is subject to the requirements of Title IX.

## FACTUAL ALLEGATIONS

10. On or about September 20, 2024, while attending Barton Elementary School, Plaintiff was sexually assaulted by substitute teacher Reza Uddin ("Uddin"), employed by the District.
11. Uddin placed his hand under Plaintiff's skirt and between her hips and buttocks without her consent, constituting a sexual battery under Florida law.
12. At the time of the assault, the Uddin was acting within the course and scope of his employment.
13. Prior to this incident, Uddin had a known history of inappropriate conduct involving students. Palm Beach either knew or should have known about his conduct and of previous allegations through prior reports, complaints, or background information.
14. Despite this, Palm Beach failed to take reasonable and necessary actions to prevent the teacher's continued access to students.
15. The School District had an official policy, widespread custom, or longstanding practice of:
    a. Failing to properly screen substitute teachers for prior misconduct;
    b. Failing to adequately train staff to identify and report suspected abuse;
    c. Ignoring or failing to investigate reports of prior inappropriate behavior by the substitute teacher;
    d. Permitting an environment in which known or suspected abusers were allowed continued access to students without supervision.

16. The School District's failure to act amounted to deliberate indifference to the rights of students, including Plaintiff, and directly resulted in the sexual assault and violation of Plaintiff's constitutional rights.
17. The misconduct by the substitute teacher was not an isolated incident, but the foreseeable result of the District's failure to enact or enforce adequate policies and procedures.
18. The School District's conduct was the moving force behind the violation of Plaintiff's constitutional rights.
19. The incident is currently being investigated by the Palm Beach County School District Police Department under case number 24-00003368.
20. As a result of the assault, Jane Doe suffered significant emotional distress, psychological harm, and disruption to her education.
21. Plaintiff has complied with the pre-suit notice requirements of § 768.28, Fla. Stat., and has satisfied all conditions precedent to filing this action.

## COUNT I – VIOLATION OF TITLE IX (20 U.S.C. § 1681)

22. Plaintiff re-alleges paragraphs 1-17 as if fully set forth herein.
23. Defendant, as a recipient of federal funds, had a duty under Title IX to ensure that students, including Plaintiff, were not subjected to sexual harassment or abuse in its educational programs.
24. Defendant had or should have had actual or constructive knowledge of Uddin's prior misconduct and previous allegations, and failed to take appropriate remedial action.
25. Defendant acted with deliberate indifference by allowing the teacher continued access to students despite the known risks.
26. Defendant's deliberate indifference caused Plaintiff to be subjected to sex-based discrimination and deprived her of access to educational opportunities.
27. Jane Doe suffered damages as a direct result of Defendant's conduct, including mental anguish, emotional distress, and loss of enjoyment of life.

## COUNT II – VIOLATION OF 42 U.S.C. § 1983 – SUBSTANTIVE DUE PROCESS BODILY INTEGRITY

28. Plaintiff realleges paragraphs 1-17 as if fully set forth herein.
29. Plaintiff had a clearly-established constitutional right under the Fourteenth Amendment to be free from unlawful bodily intrusions and to bodily integrity.

30. Defendant, through its deliberate indifference and failure to act on known risks, violated Plaintiff's constitutional rights under color of state law.
31. Defendant's failure to protect Plaintiff from a foreseeable risk of sexual abuse amounted to a policy, practice, or custom of deliberate indifference.
32. Defendant had or should have had actual or constructive knowledge of Uddin's prior misconduct and previous allegations, and failed to take appropriate action.
33. As a direct and proximate result of Defendant's unconstitutional conduct, Plaintiff suffered injuries including psychological trauma and emotional harm.

## COUNT III – NEGLIGENT HIRING, SUPERVISION, AND RETENTION

34. Plaintiff re-alleges paragraphs 1-17 as if fully set forth herein.
35. Defendant had or should have had actual or constructice knowledge of Uddin's prior misconduct and previous allegations, and failed to take appropriate action.
36. Defendant owed Plaintiff a duty of care to ensure that school personnel were appropriately hired, retained, and supervised in order to prevent foreseeable harm to students.
37. Defendant breached this duty by hiring, retaining, and failing to supervise a substitute teacher with a known history of inappropriate conduct.
38. Defendant's breach of its duty was a proximate cause of Plaintiff's sexual assault and resulting injuries.
39. Plaintiff has suffered emotional distress, mental anguish, and a diminished ability to engage in her education and normal childhood activities.

**WHEREFORE**, Plaintiff respectfully requests that this Court:
   a. Enter judgment in favor of Plaintiff and against Defendant;
   b. Award compensatory damages in an amount to be determined at trial;
   c. Award reasonable attorney's fees and costs pursuant to 42 U.S.C. § 1988 and applicable law;
   d. Grant injunctive relief requiring Defendant to implement policies for screening, supervision, and protection of students;
   e. Award such further relief as this Court deems just and proper.

## DEMAND FOR JURY TRIAL

The Plaintiff further demands a trial by jury of all issues so triable as a matter of right.

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true copy of the foregoing was served on the Defendant.

DATED this 30th day of May, 2025.

Respectfully submitted,

**HAIRSTON & CROOKS LEGAL GROUP**
261 N. University Dr. Suite 500
Plantation, Florida 33324
Tel: (305) 315-2399
Fax: (954) 405-8555

By: */s/ Shawn L.M. Hairston*
Shawn L.M. Hairston, Esq.
Florida Bar No.: 110046
shairston@hcleaglgroup.com
sierra@hclegalgroup.com

By: */s/ Duane A. Crooks*
Duane A. Crooks, Esq.
Florida Bar No.: 0672841
dcrooks@hcleaglgroup.com
admin@hclegalgroup.com

**CHIN LAW**
33 SW 2nd Avenue, Suite 1100
Miami, FL 33130
Tel: (786) 505-1225

*By: /s/ Katherine A. Chin*
Katherine A. Chin, Esq.
Florida Bar No.: 1004417
kc@legalchin.com